RECEIVED
IN LAKE CHARLES, LA
JUL 27 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DIRECTV, INC.** | : | **DOCKET NO. 2:04 CV 0781** |
| **VS.** | : | **JUDGE MINALDI** |
| **JAMES BENNETT** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Directv, Inc., the plaintiff, moves for default judgment against James Bennett, the defendant, as authorized by Rule 55 of the Federal Rules of Civil Procedure. For the reasons stated herein, judgment is entered against the defendant for damages, reasonable attorneys' fees, and costs. The motion for injunctive relief is denied.

Facts

Directv filed this lawsuit against James Bennett for violations of 47 U.S.C. §605(a) and (e)(4), 18 U.S.C. §2511, 18 U.S.C. §2512[1] and 18 U.S.C. §2520(b)(1). Bennett was served with a copy of the complaint and summons on September 10, 2004. He has not filed responsive pleadings or otherwise acted to defend this lawsuit.

Directv moved for an entry of default on February 9, 2005. The Clerk of Court entered a default on February 10, 2005. The plaintiff has moved for a judgment of default and the issue of damages is now before the court.

---

[1] Directv contemporaneously filed a Motion to Voluntarily Dismiss 18 U.S.C. §2512 and its claims against the defendant for civil conversion.

Law and Analysis

Rule 55 of the Federal Rules of Civil Procedure provides that when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,...the clerk shall enter the part's default." F.R.Civ.P. 55(a). Once the court has entered the default, the moving party may apply for a judgment of default. F.R.Civ.P. 55(b). Upon the moving party's application to the court for the entry of a default judgment, the judge is required to exercise sound judicial discretion when determining whether the judgment should be entered. *Robinson v. Griffith*, 108 F.R.D. 152, 156 (W.D.La. 1985).

Once a default judgment has been entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Succession of Rock v. Allstate Life Ins. Co.*, 340 So.2d 1325 (La. 1976); *Vardaman v. Baker Center, Inc.*, 711 So.2d 727 (La.App. 1 Cir. 1998). The court must review the petition and accept all well pleaded facts as true. *Cage v. Adoption Options of La., Inc.*, 657 So.2d 670, 671 (La. App. 1 Cir. June 23, 1995).

47 U.S.C. §605 prohibits the unauthorized interception and reception of cable programming. This section allows the plaintiff to elect recovery of actual or statutory damages. 47 U.S.C. §605(e)(3)(C)(i)(II) provides that

> "the aggrieved party may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in an action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just."

§(e)(3)(B)(iii) states that the court shall direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails.

2

Directv complains that Bennett violated section §605(a) of the Communications Act. Directv alleges that the defendant, illegally and without authorization, intercepted, received and exhibited, or otherwise assisted in the unauthorized interception, reception, or exhibition of satellite programming transmitted by Directv. Directv alleges that Bennett divulged or published the existence of contents, substance, purport, effect or meaning of such satellite communications. The plaintiff alleges that Bennett used such communications for his own benefit or for the benefit of others who were not entitled to such communications. Each of these acts is prohibited by 47 U.S.C. §605(a). Directv is requesting that it be awarded statutory damages of $10,000 in accordance with this provision.

The affidavit from Jaime Sichler, Supervisor in Directv's End-User Development Group, states that Bennett bought a Wafer Bootstrap Board, which is a bootloader, on October 25, 2001, from BigDadee.com. A bootloader is a fixed functionality hardware device that was specifically designed to allow the use of a Directv Access Card. This Access Card is necessary to receive and view Directv signals. John Bennett purchased the Directv satellite equipment from Sears in May, 1997, and activated a Directv account at that time. He maintained the subscription intermittently until January 26, 2002,[2] at which time the system was disconnected. The defendant possesses all the Directv satellite equipment necessary to receive the Directv satellite programming without authorization, when used together with the Pirate Access Device that he purchased.

In addition to finding liability pursuant to §605, in the Supplemental Memorandum In Support of the Default Judgment, the plaintiff asks this court to find that a private right of action

---

[2] In fact, Exhibit "D" shows that the defendant continued to receive and pay for Directv transmissions sporadically through March, 2004.

exists under 18 U.S.C. §2520 based upon the defendant's interception of Directv's encrypted satellite transmissions in violation of 18 U.S.C. § 2511(1)(a). This court previously held that §2511 is a criminal provision that does not give rise to a private right of action.[3]

18 U.S.C. 2511(1)(a) states:

(1) Except as otherwise specifically provided in this chapter any person who -

> (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral or electronic communication;
>
> shall be *punished* as provided in subsection (4) or shall be subject to suit as provided in subsection (5). (Emphasis added).

Subsection (4) states that:

> (a) Except as provided in paragraph (b) of this subsection or in subsection (5), whoever violates subsection (1) of this section shall be fined under this title and imprisoned nor more than five years, or both.
>
> (b) Conduct otherwise an offense under this subsection that consists of or relates to the interception of a satellite transmission that is not encrypted or scrambled and that is transmitted--
>
>> (i) to a broadcasting station for purposes of retransmission to the general public; or
>>
>> (ii) as an audio subcarrier intended for redistribution to facilities open to the public, but not including data transmissions or telephone calls, is not an offense under this subsection unless the conduct is for the purposes of direct or indirect commercial advantage

---

[3] Attorney Kate Loos indicated in oral arguments before Judge Hicks that this court, in ruling on the first Directv default case, was "fairly silent about what she thought about 2511 and how it applied to these cases." Ms. Loos did not identify the case to which she was referring by name. In subsequent cases, however, this court has been very clear in stating that 2511 does not contain a private right of action. *See e.g., Directv v. Green*, No. 04-0136 (LAWD July 1, 2004); *Directv v. Robertson*, 03-940 (LAWD Jun 15, 2004); *Directv v. Hammond*, 04-0223 (LAWD July 1, 2004).

or private financial gain.

(5)(a)(i) If the communication is--

> (A) a private satellite video communication that is not scrambled or encrypted and the conduct in violation of this chapter is the private viewing of that communication and is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain; or
>
> (B) a radio communication that is transmitted on frequencies allocated under subpart D of part 74 of the rules of the Federal Communications Commission that is not scrambled or encrypted and the conduct in violation of this chapter is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain, then the person who engages in such conduct shall be subject to suit by the Federal Government in a court of competent jurisdiction.

18 U.S.C.A. § 2511

In a recent decision, Directv's right to pursue a cause of action based on a violation of 18 U.S.C. §2511 was upheld by the U.S. Court of Appeals for the Fourth Circuit in *Directv v. Nicholas*, 403 F.3d 223 (4th Cir. 2005). In *Nicholas*, the court considered whether Directv could maintain a civil action under the Federal Wiretap Act, 18 U.S.C. §§2510, *et seq.*, against an individual who Directv alleges has intercepted the company's encrypted satellite transmissions. The Fourth Circuit held that Directv can bring a claim under 18 U.S.C. §§2511(1)(a) and 2520(a) against a person who Directv alleges has unlawfully intercepted such transmissions. The court distinguished between claims based on violations of §2512, which it concluded were not permitted[4], and claims based on violations of §2511, which it concluded were permitted. The *Nicholas* court stated:

> under the plain language of the statutes, there is nothing to indicate that § 2511

---

[4] This court previously ruled that Directv could not proceed under §2512 and they have dropped that claim.

5

excludes from its application intentional interceptions of encrypted satellite transmissions, as opposed to nonencrypted satellite transmissions. Moreover, there is nothing in the plain language of § 2520 to indicate that the interception of encrypted satellite transmissions would not fall under the general damages provisions of subsection (c)(2), which provides for certain specified damages "in all other cases" (*i.e.*, in all cases of § 2511 violations except those specifically listed in subsection (c)(1)). Directv Inc. v. Nicholas 403 F.3d 223, *228 (C.A.4 (N.C.), 2005).

This court respectfully disagrees with the finding of the Fourth Circuit in *Nicholas, supra*. §2511(a)(1) refers to subsection (4), which is a criminal penalty. §2511(a)(1) also refers to subsection (5), which refers only to nonencrypted signals and specifically allows the Federal Government to file a suit in a court of competent jurisdiction. The clear language of the statute allows no private right of action. Indeed 2520 says "a civil action may be brought" which 2511 clearly does not state. It is absurd to think that Congress would clearly enumerate such a right in 2520, yet omit this language in 2511 when intending to grant a right of action.

18 U.S.C. 2520(c)(1) applies damages only to communications that are not scrambled or encrypted. §2520(c)(2) states:

> (2) In any other action under this section, the court may assess as damages whichever is the greater of -
>
> > (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
> >
> > (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

§2520(2) applies to any other action *under this section*, not under §2511. There is no question in this case that the signal was encrypted. This court finds that Directv cannot allege a violation of §2511 by asserting a private cause of action under §2520, as §2520 applies only to private satellite video

communications that are not scrambled or encrypted. §2511 is a criminal provision that does not give rise to a private right of action.

The plaintiff is also claiming costs of $251.29 and reasonable attorneys' fees in the amount of $2,273.75, plus post judgment interest as provided by law.

The plaintiff has submitted an affidavit by Carol Fong Hilton, Custodian of Records for Directv, verifying the business records of James Bennett. Jamie Sichler, a Supervisor in Directv's End-User Development Group, executed an affidavit setting forth Directv's claim and evidence regarding the cost of piracy to Directv.[5]

This court has previously found an award of $10,000 reasonable[6], but the amount of damages in the case at bar is not so clearly established. The evidence shows that Bennett purchased the last of the equipment that made him capable of pirating the Directv signal on October 25, 2001. Bennett continued to receive intermittent Directv service through March, 2004. Because this is a default judgment, the court must accept the allegation that Bennett intercepted Directv's signals. But, the record is devoid of proof of how long this alleged activity occurred. Therefore, the court will award nominal damages of $2500 pursuant to §605(e)(3)(c)(i)(II).[7] The request for costs of

---

[5] On December 1, 2004, Chief Judge Frank J. Polozola, Middle District of Louisiana, held a hearing regarding the motions for default judgment pending in that district. At the hearing Leone J. Flosi, an expert in investigations of satellite theft, and Michael Barr testified. Their testimonies were attached under seal to the plaintiff's motion. Judge Polozola concluded that damages of $10,000, plus costs, plus post-judgment interest from the date of judicial demand were appropriate under the circumstances.

[6] See *Directv v. Andy Juneau*, 03 CV 0924; *Directv v. Jubert*, 04-0147

[7] The plaintiff has not proven damages pursuant to §605(e)(4). §604(e)(4) refers to any person who "manufactures, modifies, imports, exports, sells, or

$251.29 and reasonable attorneys' fees in the amount of $2,273.75, plus post judgment interest as provided by law, is well-supported in the record and will be granted.

Injunctive Relief

Directv also requests injunctive relief under the provisions of the Communications Act and the Surreptitious Interception Act. The Communications Act provides as follows:

> (E)(3)(B)(ii) The court may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of [the Communications Act]."

See 17 U.S.C. § 502(a); 15 U.S.C. § 1116. *Entertainment and Sports Programming Network, Inc. v. Edinburg Community Hotel, Inc.*, 735 F.Supp. 1334, 1342 (S.D.Tex.,1986).

This court previously found that Directv did not establish irreparable harm on a motion for default judgment[8]. Judge Melancon in the Lafayette Division also denied injunctive relief in a similar case.[9] Yet, Judge Polozola recently concluded that injunctive relief was appropriate.[10] Judge Polozola found that irreparable harm would result if injunctive relief were not granted and that there was no other adequate remedy available.

---

distributes any electronic, mechanical or other device or equipment...". There is no evidence in the record that Bennett did anything other than buy equipment for his personal viewing.

[8] *Directv v. Hammond*, 04 CV 0223 (LAWD June 1, 2004).

[9] *Directv v. Fontenot*, 03-2166 (LAWD February 24, 2005).

[10] Transcript attached as Exhibit "F" under seal.

8

In order to obtain a preliminary injunction, the movant must generally establish: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) its own injury outweighs the injury to the nonmovant; and (4) the injunction would not be adverse to the public interest." *Haitian Refugee Ctr. v. Christopher*, 43 F.3d 1431, 1432 (11th Cir.1995); *Productos Carnic, S.A. v. Central American Beef & Seafood Trading Co.*, 621 F.2d 683, 685 (5th Cir.1980); *Compact Van Equip. Co. v. Leggett & Platt, Inc.*, 566 F.2d 952 (5th Cir.1978); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir.1975). Where the other factors are strong, a showing of some likelihood of success on the merits will justify temporary injunctive relief, and even if the claim is compensable by damages, an injunction may issue to protect that remedy. *Productos Carnic*, 621 F.2d at 686. Under Section 605, a movant need only prove a violation or a likelihood of a violation of § 605(a) occurring after December 29, 1984, in order to request an injunction under § 605(d)(3)(B)(i). *Entertainment and Sports Programming Network, Inc. v. Edinburg Community Hotel, Inc.*, 735 F.Supp. 1334, 1342 -1343 (S.D.Tex.,1986)

This court has previously denied an injunction and will do so again. The cases cited by the plaintiff in support of injunctive relief can be factually distinguished from the case at bar. Several of the cases cited by the plaintiff involve defendants that were actually selling decoder kits that were capable of unscrambling subscription television programming. See *ON/TV of Chicago v. Julien*, 763 F.2d 839 (7th Cir. 1985); *Chartwell Communications Group v. Westbrook*, 637 F.2d 459 (6th Cir. 1980); *Time Warner Cable of New York City v. Freedom Electronics, Inc.*, 897 F.Supp. 1454 (S.D. Fla., Aug. 11, 1995). *Entertainment and Sports Programming Network, Inc. v. Edinburg Community Hotel, Inc.*, 735 F.Supp. 1334 (S.D. Tex. 1986), dealt with an action to enjoin a hotel from unauthorized interception and transmission of programming. The only case cited by the plaintiffs

that concerned an individual defendant is *International Cablevision, Inc. v. Cancari*, 960 F.Supp. 28 (W.D. N.Y. 1997). The court in *Cancari* merely stated that the plaintiff had shown that the defendant had violated the federal statute, therefore permanent injunctive relief was appropriate.

The showing of irreparable harm is the most important prerequisite for the issuance of an injunction. *Chalmers v. Marks*, 2003 U.S. Dist. LEXIS 22765 at 7 (N.D. Tex. Dec. 17, 2003). Irreparable harm is an injury that is neither remote nor speculative, but actual, imminent, and unable to be remedied by an award of monetary damages. *Johnson v. New Orleans Jazz & Heritage Foundation, Inc.*, 1999 U.S. Dist. LEXIS 7038 at 18 (E.D. La. May 10, 1999). The possibility that adequate compensatory relief is or will be available through litigation, weighs heavily against a claim of irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

In Directv's actions against individual end-users, a suit seeking monetary damages is an adequate and available remedy. To issue an injunction against known and unknown individuals, who at some unknown time in the future, may acquire and use pirating devices, would be tantamount to issuing an injunction prohibiting anyone from shoplifting at Wal-Mart. Injunctions are not appropriate as a blanket prohibition to future illegal actions. That is what §§ 605 and 2520 are for. This is a remote and speculative injury not conducive to the issuance of an injunction.

Based on the cases provided by the plaintiff, this court does not see a compelling reason to change the prior decision that injunctive relief is not appropriate in this case.

Lake Charles, Louisiana, this 26 day of July, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE